UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DAVID STERLING, an Individual and
STERLING & STERLING, INC., a corporation on
behalf of themselves and others similarly situated,

Plaintiffs,

v.

STRATFOR ENTERPRISES, LLC, STRATEGIC
FORECASTING, INC., and GEORGE FRIEDMAN

Defendants.

CIVIL ACTION NO.:
2:12-CV-00297(DRH-ARL)

Judge Denis R. Hurley



-----------------------------------------------------------------X

### ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND APPOINTMENT OF LEAD COUNSEL, PROVISIONALLY CERTIFYING A NATIONWIDE SETTLEMENT CLASS, APPROVING PROCEDURE FOR AND FORMS OF NOTICE, AND SCHEDULING FAIRNESS HEARING

Upon review and consideration of the Settlement Agreement, and the attachments thereto which have been filed with the Court, and having been fully advised in the premises, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1.     The parties have agreed to settle this and related actions upon the terms and conditions set forth in the Settlement Agreement, which has been filed with the Court.

2.     The Court has reviewed the Settlement Agreement, as well as the files, records, and proceedings to date in this matter. The definitions in the Settlement Agreement are hereby incorporated as though fully set forth in this Order, and capitalized terms shall have the meanings attributed to them in the Settlement Agreement.

3.     Based upon preliminary examination, it appears to the Court that: the Settlement

Agreement provides substantial benefits to the Class without the risk, cost, or delay associated with continued litigation, trial and/or appeal; appears fair, reasonable, and adequate; the Class should be certified for settlement purposes, subject to Paragraph 16 below; and a Fairness Hearing should be held after notice to the Class to determine whether the Settlement Agreement is fair, reasonable, and adequate and whether a Final Order and Judgment should be entered in this action, based upon that Settlement Agreement.

4. The Court held a conference with the Parties on June 11, 2012, to discuss all matters concerning the settlement. Based upon these discussions, the Parties stipulated and agreed to modify Section III (B) of the Settlement Agreement, as well as the Notice of Proposed Class Action Settlement. The Parties subsequently resubmitted the Settlement Agreement and the Notice of Proposed Class Action Settlement, both of which have been reviewed by the Court.

5. The Settlement Agreement, including all exhibits thereto, is preliminarily approved as fair, reasonable, and adequate. The Court finds that: a) the Settlement Agreement is the result of extensive, arms-length negotiations between experienced attorneys familiar with the legal and factual issues of this case; b) all Class Members are treated fairly under the Settlement; c) the provisions in the Settlement Agreement regarding payment of Class Counsel's attorneys' fees and costs appear reasonable under the circumstances; d) the provisions in the Settlement Agreement regarding special awards to plaintiffs appears reasonable under the circumstances; and e) the Settlement Agreement is reasonable and sufficient to warrant notice thereof to members of the Class and the Fairness Hearing described below.

6. The Court conditionally certifies, for settlement purposes only, the Class as follows: all persons, corporations, or entities who were current or former subscribers to the

Stratfor Service on December 24, 2011, whose credit card information Stratfor had on file on December 24, 2011, and whose credit card information was obtained by third-parties due to the breach of Stratfor's computer storage systems.

7. In connection with the conditional certification, the Court makes the following preliminary findings pursuant to Rule 23 of the Federal Rules of Civil Procedure:

    a. The Class is so numerous that joinder of all members is impracticable;

    b. There are questions of law or fact common to the above-described Class;

    c. The claims of the named plaintiffs are typical of the claims being resolved through the proposed Settlement;

    d. The named plaintiffs are capable of fairly and adequately protecting the interests of the above-described Class in connection with the proposed Settlement;

    e. For purposes of determining whether the proposed Settlement is fair, adequate, and reasonable, common questions of law and fact predominate over questions affecting only individual Class Members. Accordingly, the Class is sufficiently cohesive to warrant resolution through settlement by representation; and

    f. For purposes of Settlement, a settlement with the above-described Class is superior to other available methods for the fair and efficient resolution of the claims of the Class.

8. In making the findings set forth in Paragraph 7, the Court has exercised its discretion in conditionally certifying the Class on a nationwide basis. Named Plaintiffs David Sterling individually and on behalf of Sterling & Sterling, Inc. are designated as Class Representatives.

9. The Court appoints Hunter J. Shkolnik and Adam J. Gana of Napoli Bern Ripka

Shkolnik, LLP as lead counsel for the Class. For purposes of these settlement approval proceedings, the Court finds that these attorneys are competent and capable of exercising their responsibilities as Lead Counsel.

10. A final approval hearing (the "Fairness Hearing") shall be held before this Court on <u>September 28</u>, 2012 at <u>3:00</u> p.m., to determine whether the Settlement Agreement is fair, reasonable, and adequate and should be approved. The Court will also rule on Class Counsel's fee-and-expense application and Plaintiffs' application for special awards (the "Fee Application") at that time. Papers in support of final approval of the Settlement Agreement and the Fee Application shall be filed with the Court according to the schedule set forth in Paragraph 16 below. The Fairness Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Class. After the Fairness Hearing, the Court may enter a Final Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of the Class Members with respect to the claims being settled.

11. As soon as practicable after the entry of this Order, but not more than thirty (30) days after its entry, the Parties shall disseminate notice of the Settlement and Fairness Hearing to the members of the Class by effectuating the Notice Plan. The Notice Plan includes: (1) a third-party website created to provide neutral information about the settlement and containing the Notice of Proposed Class Action Settlement (the "Settlement Website"); and (2) a notification, emailed by Stratfor to all Class Members whom Stratfor can identify through reasonable efforts, which email notification shall include a hypertext link to the Settlement Website.

12. The Court finds that the Notice of Proposed Class Action Settlement and the manner of its dissemination described in Paragraph 11 is the best practicable notice under the

circumstances and is reasonably calculated, under all the circumstances, to apprise the Class Members of the pendency of this action, the terms of the Settlement, and their right to object to the Settlement or exclude themselves from the Class. The Court further finds that Notice of Proposed Class Action Settlement is reasonable, and it constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of due process.

13. Each Class Member who wishes to be excluded from the Class and follows the procedures set forth in this Paragraph shall be excluded. Any potential member of the Class may mail a written request for exclusion, in the form specified in the notice, to BMC Group, Inc. or its designee(s), postmarked no later than August 15, 2012. All persons or entities who properly and timely make a request for exclusion from the Class shall not be Class Members and shall have no rights with respect to the Settlement Agreement, if it is approved.

14. Any Class Member who has not timely submitted a written request for exclusion from the Class, and thus is a Class Member, may object to the fairness, reasonableness or adequacy of the Agreement, or the Fee Application, or both. Class Members may do so either on their own or through counsel hired at their expense. Any Class Member who wishes to object to the Settlement Agreement must, on or before September 7, 2012, file an objection with this Court. The written statement of the objection(s) must include (a) a detailed statement of the Class Member's objection(s), as well as the specific reasons, if any, for each objection, including any evidence and legal authority the Class Member wishes to bring to the Court's attention and any evidence the Class Member wishes to introduce in support of his/her objection(s); (b) the Class Member's name, address and telephone number; and (c) information demonstrating that the Class Member is entitled to be included as a member of the Class.

15. Papers in support of final approval of the Settlement Agreement and the Fee

Application shall be filed with the Court on or before August 15, 2012. Any responses to objections to the Settlement Agreement or the Fee Application, and any further papers in support of the Fee Application or final approval, shall be filed with the Court on or before September 20, 2012.

16. In summary, the dates of performance are as follows:

    a.    The Notices required to be electronically sent to Class Members per the Settlement Agreement shall be sent as soon as practicable after: (i) the entry of this Order but no later than 30 days after the entry of this Order;

    b.    The Summary Notice shall be published as soon as practicable after entry of this Order but no later than 30 days after the entry of this Order;

    c.    Papers in support of final approval of the Settlement Agreement and the Fee Application shall be filed with the Court on or before August 15 2012;

    d.    Class Members who desire to be excluded shall mail requests for exclusion postmarked no later than August 15, 2012;

    e.    All objections to the Settlement Agreement or Fee Application shall be filed and served by September 7, 2012;

    f.    Papers in response to objections, if any, and in further support of the Fee Application shall be filed and served by September 20, 2012;

    g.    Supplemental papers, if any, in support of final approval, shall be filed and served by September 20, 2012; and

    h.    The Fairness Hearing shall be held on September 28, 2012 at 3:00 p.m.

17. In the event the Settlement Agreement is not approved by the Court, or for any reason the parties fail to obtain a Final Order and Judgment as contemplated in the Settlement

Agreement, or the Settlement Agreement is terminated pursuant to its terms for any reason, then the following shall apply:

    a.    All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding;

    b.    The conditional certification of a Nationwide Class pursuant to this Order shall be vacated automatically, the Actions shall proceed as though the Class had never been certified pursuant to this Settlement Agreement and such findings had never been made, and the Actions shall return to the procedural status quo before entry of the Preliminary Approval Order and all of the consolidated actions shall be restored to the active docket in accordance with the Settlement Agreement;

    c.    Nothing contained in this Order is, or may be construed as, any admission or concession by or against the Defendants or Plaintiffs on any point of fact or law, including, but not limited to, factual or legal matters relating to any effort to certify this case as a class action;

    d.    Nothing in this Order or pertaining to the Settlement Agreement shall be used as evidence in any further proceeding in this case, including, but not limited to, motions or proceedings seeking treatment of this case as a class action; and

    e.    All of the Court's prior Orders having nothing whatsoever to do with class certification shall, subject to this Order, remain in force and effect.

18.    Pending final determination of whether the proposed Settlement should be approved, no Class Member directly, derivatively, in a representative capacity, or in any other

capacity, shall commence any action against the Company or any of the other Released Parties in any court or tribunal asserting any of the Released Claims.

19. The appointment of the firm of BMC Group, Inc. as Settlement Administrator is hereby approved for this Settlement.

20. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the settlement that are not materially inconsistent with this Order and the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Notice, Summary Notice, and other exhibits that they jointly agree are reasonable, appropriate or necessary.

PURSUANT TO STIPULATION, IT IS SO ORDERED

Dated: June 14, 2012          By: _____ /
                                   Judge Denis R. Hurley
                                   United States District Court Judge