UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

DAVID STERLING, an Individual and
STERLING & STERLING, INC., a corporation on
behalf of themselves and others similarly situated,

                   Plaintiffs,

v.

STRATFOR ENTERPRISES, LLC, STRATEGIC
FORECASTING, INC., and GEORGE FRIEDMAN

                   Defendants.

-----------------------------------------------------------X

CIVIL ACTION NO.:
2:12-CV-00297(DRH-ARL)

Judge Denis R. Hurley

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y

★    NOV 15 2012    ★

LONG ISLAND OFFICE

## [PROPOSED] AMENDED FINAL ORDER AND JUDGMENT REGARDING CLASS ACTION SETTLEMENT

By order entered on June 14, 2012, this Court granted preliminary approval of the proposed class action Settlement between the parties.

The Court also provisionally certified a nationwide Class for settlement purposes, approved the procedure for giving notice and forms of notice, and set a final fairness hearing to take place on September 28, 2012. The Class is defined as follows: all persons, corporations, or entities who were current or former subscribers to the Stratfor Service on December 24, 2011.

On September 28, 2012, the Court held a duly noticed fairness hearing to consider: 1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate; 2) whether a judgment should be entered dismissing the named Plaintiffs' complaints on the merits and with prejudice in favor of the Defendants and against all person or entities who are Class Members herein who have not properly and timely requested exclusion from the Class ("opt out"); and 3) whether and in what amount to award counsel for the Class as attorneys' fees

and expenses and whether and in what amount to award the Class Representatives as compensation.

The Court, having considered all matters submitted to it at the hearing and otherwise; and it appearing that the notice substantially in the form approved by the Court was given in the manner that the Court ordered to all persons or entities reasonably identifiable who are current or former subscribers to the Stratfor Service on December 24, 2011, in the manner that the Court ordered.

The Court, having considered and determined that the proposed settlement of the claims of the Plaintiffs and Class Members against the Defendant, as well as the release of the Defendant and the Released Persons, as provided for in the Settlement Agreement and the awards of attorneys' fees and expenses requested and Class Representative compensation requested, are fair, reasonable and adequate, hereby orders:

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. The Settlement Agreement, including the definitions contained therein, is incorporated by reference into this Final Judgment;

2. The Court finds that in conjunction with the Settlement Agreement the prerequisites for a class action under Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 23(a) and (b)(3) have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Plaintiffs are typical of the claims of the Class they seek to represent; (d) the Plaintiffs have and will fairly and adequately represent the interests of the Class; (e) the questions of law and fact common to the Class Members predominate over any questions affecting any individual Class Member; and (f) a class action is superior to the other

available methods for the fair and efficient adjudication of the controversy;

3. Pursuant to Fed. R. Civ. P. 23, and in conjunction with the Settlement Agreement, this Court hereby finally certifies this action as a nationwide class action on behalf of those who are current or former subscribers to the Stratfor Service on December 24, 2011, whose credit card information Stratfor had on file on December 24, 2011, and whose credit card information was obtained by third-parties due to the breach of Stratfor's computer storage systems. Excluded from the Class are 1) any Judge or Magistrate presiding over this action and members of their families; 2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendants or their parents have a controlling interest and their current or former employees, officers and directors; 3) persons who properly execute and file a timely request for exclusion from the class and 4) the legal representatives, successors or assigns of any such excluded persons.

4. The Court appoints Hunter J. Shkolnik and Adam J. Gana of Napoli Bern Ripka Shkolnik, LLP as lead counsel for the Class. The Court designates named Plaintiffs David Sterling individually and on behalf of Sterling & Sterling, Inc. as the Class Representatives;

5. Notice of the pendency of this action as a class action and of the proposed settlement was given individually to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the pendency of the Litigation as a class action and of the terms and conditions of the proposed Settlement have met the requirements of Fed. R. Civ. P. 23, due process, and any other applicable law; constituted the best notice practicable under the circumstances; and constituted due and sufficient notice to all persons and entities entitled thereto.

6. The Settlement Agreement is approved as fair, reasonable and adequate, and the

Class Members and the parties are directed to consummate the Settlement Agreement in accordance with its terms and conditions.

7. Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards Class Counsel attorneys' fees ($335,965.26) and expenses ($17,563.09) in the amount of $353,528.35. The Court also makes the following awards to the Class Representatives for their service in that capacity: $10,000 to David Sterling individually and on behalf of Sterling & Sterling, Inc., together. This amount is to be paid be paid by Defendant in the time and manner described in the Settlement Agreement.

8. The Litigation is hereby dismissed with prejudice and without costs as against the Defendant and the Released Persons. Specifically, the following matter is to be dismissed with prejudice: *Sterling v. Stratfor Enterprises, LLC, et al.*, Case No. 2:12-cv-00297-DRH-ARL (E.D.N.Y.). Upon entry of this Order, Stratfor shall within ten (10) days move to dismiss *Stratfor Enterprises, LLC, et al. v. Sterling et al.*; Case No. 1:12-cv-125, (W.D. Tex.).

9. Plaintiffs and all Class Members are permanently barred and enjoined from instituting, commencing, asserting or prosecuting, either directly or indirectly, in any capacity and in any court or other forum, any and all of the Released Claims (as defined in the Settlement Agreement) against the Defendant and any of the other Released Parties (as defined in the Settlement Agreement).

10. The Defendant and other Released Parties, by operation of this Final Order and Judgment, shall be and are fully, finally, and forever released, relinquished, and discharged by the Plaintiffs, each and all of the Class Members, and Plaintiffs' and Class counsel of and from all the Released Claims and all claims relating to, arising out of or connected with the prosecution, assertion, settlement, or resolution of the litigations and/or the Released Claims.

In addition, the Released Claims are hereby compromised, settled, released, discharged and dismissed as against the Released Parties on the merits by virtue of the proceedings herein and this Final Order and Judgment. Notwithstanding the foregoing, nothing herein shall be construed as a release of Defendant from carrying out its obligations under the Settlement Agreement when the Settlement Date occurs.

11. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

a. offered by any person or received against the Defendant as evidence or construed as or deemed to be evidence of any presumption, concession, or admission by the Defendant of the truth of the facts alleged by the Plaintiffs or any Class Member or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of the Defendant;

b. offered by any person or received against the Defendant as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Defendant or any other wrongdoing by the Defendant;

c. offered by any person or received against the Defendant or as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing, or in any way referred to for any other reason against any of the settling parties, in any civil, criminal, or administrative action or proceeding; provided, however,

that nothing contained in this paragraph shall prevent the Settlement Agreement (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement Agreement (or any agreement or order relating thereto) or the Final Order and Judgment, or in which the reasonableness, fairness, or good faith of the parties in participating in the settlement (or any agreement or order relating thereto) is an issue, or to enforce or effectuate provisions of the Settlement Agreement, the Final Order and Judgment, or the Proofs of Claim and Release as to the Defendants, Plaintiffs, or the Class Members; or

d.  offered by any person or received against any Plaintiff or Class Representative as evidence or construed as or deemed to be evidence that any of their claims in any of the cases consolidated herein lack merit.

12. Without affecting the finality of this Final Order and Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) the effectuation of the Settlement Agreement; and (b) the settling parties for purposes of construing and enforcing the Settlement Agreement.

13. In the event that the Settlement Date does not occur, this Order and Final Judgment shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void.

PURSUANT TO STIPULATION, IT IS SO ORDERED

Dated: **Nov. 15**, 2012

By: _____
Judge Denis R. Hurley
United States District Court Judge